# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KAMEL KASSEM and JEHAN KASSEM, | Civil Action No. |
| Plaintiffs, | |
| vs. | Honorable |
| OCWEN LOAN SERVICING, LLC, and BANK OF AMERICA, N.A., | |
| Defendants. | |

| | |
|---|---|
| Adam G. Taub (P48703)<br>**ADAM G. TAUB & ASSOCIATES CONSUMER LAW GROUP, PLC**<br>*Attorneys for Plaintiffs*<br>17200 W. 10 Mile Road, Suite 200<br>Southfield, MI 48075<br>(248) 746-3790<br>adamgtaub@clgplc.net | Robert Hugh Ellis (P72320)<br>**DYKEMA GOSSETT PLLC**<br>*Attorneys for Defendant Ocwen Loan Servicing*<br>400 Renaissance Center<br>Detroit, MI 48243<br>(313) 568-5448<br>rellis@dykema.com<br><br>Mark E. Plaza (P66038)<br>**MADDIN HAUSER WARTELL ROTH & HELLER PC**<br>*Attorneys for Bank of America, N.A.*<br>28400 Northwestern Hwy 2nd Fl<br>Southfield, MI  48034<br>(248) 208-0710<br>mplaza@maddinhauser.com |

## NOTICE OF REMOVAL

TO:   Clerk of the Court
        Adam G. Taub
        Mark E. Plaza

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, defendant Ocwen Loan Servicing, LLC gives notice that this matter is removed from the Oakland County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan. In support of this Notice of Removal, Ocwen states as follows:

1. On March 3, 2014, Plaintiffs commenced this action in the Oakland County Circuit Court (the "Circuit Court") by filing a Summons and Complaint with that Court, Case No. 2014-139238-CK. (Summons & Complaint, Ex. 1.)

2. Plaintiff's complaint makes various allegations concerning the servicing and foreclosure of a residential mortgage loan, and uses these allegations as the basis for twenty claims, many of which are duplicative of one another: 1) Injunctive Relief; 2) RESPA; 3) RESPA; 4) Breach of Contract; 5) Breach of Contract; 6) Violation of MCL 600.3205a; 7) Violation of MCL 600.3205a; 8) Equitable, Declaratory, & Injunctive Relief; 9) Breach of Contract/Wrongful Foreclosure; 10) Violation of Michigan Foreclosure Law; 11) Violation of Michigan Foreclosure Law; 12) Violation of MCL 445.901; 13) Breach of Contract/Wrongful Foreclosure; 14) Violation of Michigan Foreclosure Law; 15) Violation of Michigan Foreclosure Law; 16) Violation of MCL 445.901; 17) Fair Debt Collection Practices Act; 18) Michigan Occupational Code; 19) Fair Debt Collection Practices Act; and 20) Michigan Occupational Code.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. Ocwen was not properly served. Regardless, this Notice of Removal is filed within thirty (30) days of the date that the Complaint was filed and the Summons issued. As such, the requirements of 28 U.S.C. § 1446(b) have been met, as this removal is being filed within thirty days from the very first date the pleadings could have been served. (Summons & Complaint, Ex. 1.).

4. The attached documents constitute all process, pleadings, and orders received or obtained by Ocwen in this action.

5. Codefendant Bank of America, N.A. ("BANA") consents to this removal, and therefore the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met. (Consent to Removal, Ex. 5.)

6. A case may be removed to a federal court if it could have been brought in that federal court originally. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474-75 (1998).

7. *First,* Plaintiffs could have brought this action in federal court because the Complaint alleges causes of action arising under federal law. *See* 28 U.S.C. § 1331. Specifically, Plaintiffs' Complaint purports to assert federal causes of action against Ocwen arising out of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq* (Counts II, III) and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count XVII, XIX). (Ex. 1.)

8. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy.

9. *Second,* this Court also has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

10. Plaintiffs and defendants are citizens of different states as described below:

   a. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiffs reside in Bloomfield Hills, Michigan, have resided in the subject real property for over 8 years, and do not allege any intention to move from Michigan. (Ex. 1, Compl. ¶¶ 2-8.) Plaintiffs are domiciled in Michigan.

b. Ocwen is a Delaware limited liability company. For diversity purposes, "'a limited liability company . . . has the citizenship of its members.'" *VeriCorr Packaging, LLC v. Osiris Innovations Group, LLC*, 501 F. Supp. 2d 989, 990 (E.D. Mich. 2007) (citations omitted). The sole member of Ocwen is Ocwen Financial Corp. ("OFC'). OFC is a Florida corporation with its principal place of business in Georgia. "For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)). Thus, OFC, and therefore Ocwen, are citizens of Florida and Georgia for diversity purposes, and are not citizens of Michigan.

c. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, BANA's main office is in the City of Charlotte, State of North Carolina. Thus, BANA is a citizen of North Carolina and is not and has never been a citizen of the State of Michigan, within the

5

        meaning of 28 U.S.C. § 1332(c).

   d. Thus, complete diversity exists because Plaintiffs are citizens of Michigan, whereas Ocwen is a citizen of Florida and Georgia and BANA is a citizen of North Carolina.

11. Pursuant to L.R.81.1(a) and 28 U.S.C. § 1332(a), the amount in controversy also exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees. In support of this allegation, Ocwen submits the following facts and reasons:

   a. Plaintiff seeks prevent a pending sheriff's sale and enjoin Ocwen from foreclosing on the subject real property located at 311 N. Berkshire Road, Bloomfield Hills, Michigan. (*See, e.g.* Compl.; Mortgage, Ex. 2.)[1] The real property is security for a loan in the amount of $1,120,000.00. (Ex. 2.)

   b. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (holding "[i]n actions seeking declaratory

---

[1] Ocwen attaches the Mortgage, the Property Tax Research and the Information from Zillow pursuant to 28 U.S.C. § 1446(c)(2)(A).

6

or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Nordica S.P.A. v. Icon Health & Fitness, Inc.*, 2009 WL 2462570, *6, fn. 4 (D.N.H. 2009) (citing *Lee Sch. Lofts, L.L.C. v. Amtax Holdings, 106 L.L.C.*, 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008)) (observing "[w]hen specific performance is the desired remedy, the amount in controversy requirement is satisfied if 'either the "direct pecuniary value" of the right the plaintiff seeks to enforce ... or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000.'"); *Neely v. Consol Inc.*, 25 Fed. App'x. 394, 400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease).

c. The real property at issue in this lawsuit, the sale of which Plaintiff challenges, is valued at over $75,000.00. Specifically, the assessed taxable value is $430,700.[2] (Oakland County Property Tax Research, Ex. 3.) The assessed value is calculated at half of the cash value of the property, meaning the property is valued at least $861,400.00. *See* MCL 211.27a(1) ("property shall be assessed at 50% of its true cash value . . ."). Additionally, a current market value estimate prepared

---

[2] Available at https://gis.oakgov.com/PropertyGateway/Home.mvc.

7

        by Zillow estimates the market value at $890,896.00 (Market Value Estimate, Ex. 4.) Because Plaintiffs seek to enjoin the pending sheriff's sale, the value of the real property is the amount in controversy.

   d. Additionally, Plaintiffs claim to have suffered actual damages as a result of defendants' alleged conduct.

   e. Thus, although Ocwen denies the allegations in Plaintiffs' Complaint, and denies any liability to Plaintiffs whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00. Therefore, pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

12. Venue is proper in this Court. The Oakland County Circuit Court is located in the Eastern District of Michigan, Southern Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 102(a)(1).

13. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal and a copy of this Notice of Removal will be filed with the Oakland County Circuit Court. A copy of that Notice will be served upon Plaintiff.

14. Based upon the foregoing, Ocwen is entitled to remove this action to this Court under 28 U.S.C. § 1441, et seq.

WHEREFORE, Ocwen serves this Notice that this action has been removed to the United States District Court for the Eastern District of Michigan, Southern Division.

*Respectfully submitted,*

**DYKEMA GOSSETT PLLC**

By: /s/ Robert Hugh Ellis
Robert Hugh Ellis (P72320)
*Attorneys for Defendant Ocwen Loan Servicing, LLC*
400 Renaissance Center
Detroit, MI 48243
(313) 568-5448
rellis@dykema.com

March 18, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and a copy will be mailed to:

Adam G. Taub
**ADAM G. TAUB & ASSOCIATES**
**CONSUMER LAW GROUP, PLC**
17200 W. 10 Mile Road, Suite 200
Southfield, MI 48075

Mark E. Plaza
**MADDIN HAUSER WARTELL ROTH & HELLER PC**
28400 Northwestern Hwy, 2nd Fl
Southfield, MI  48034

**DYKEMA GOSSETT PLLC**

By: /s/ Robert Hugh Ellis
Robert Hugh Ellis (P72320)
*Attorneys for Defendant Ocwen Loan Servicing, LLC*
400 Renaissance Center
Detroit, MI 48243
(313) 568-5448
rellis@dykema.com