# EXHIBIT 1

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

| | | 1st copy - Defendant | 2nd copy - Plaintiff |
| | | | 3rd copy - Return |

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>**6th** JUDICIAL CIRCUIT<br>COUNTY PROBATE<br>**ISS** | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>2014-139238-CK |
|---|---|---|

Court address | Court telephone no.

1200 North Telegraph Road · Pontiac MI 48341 | (248) 858-0351

| Plaintiff's name(s), address(es), and telephone no(s).<br>Kamel Kassem and Jehan Kassem<br>c/o counsel | v | Defendant's name(s), address(es), and telephone no(s).<br>Ocwen Loan Servicing LLC<br>CSC-Lawyers Inc Service (Company) - Resident Agent<br>601 Abbott Road<br>East Lansing MI 48823 |
|---|---|---|

| Plaintiff's attorney, bar no., address, and telephone no.<br>Adam G Taub (P48703)<br>Adam G Taub & Associates Consumer Law Group, PLC<br>17200 W Ten Mile Road Ste 200<br>Southfield MI 48075-8200<br>(248) 746-3790 |
|---|

**SUMMONS**   **NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>**MAR 03 2014** | This summons expires<br>**JUN 02 2014** | Court clerk<br>**Lisa Brown** |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Oakland County, MI | Defendant(s) residence (include city, township, or village)<br>Out of State |
|---|---|

| Place where action arose or business conducted<br>Oakland County, MI |
|---|

| 3-3-14 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2014 MAR 03 PM 12:49

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No.   2014-139238-CK |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ | Signature _____ |
|---|---|---|---|---|
| | | | | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

Received for Filing Oakland County Clerk 2014 MAR 03 PM 12:49

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

2014-139238-CK
JUDGE MCMILLEN

Plaintiffs,

DEMAND FOR JURY TRIAL

-vs-

Case No. 2014-    -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

Defendants.

## COMPLAINT & JURY DEMAND

Note:   This lawsuit seeks injunctive relief. Specifically, the Defendant is attempting to wrongfully foreclose on the mortgage. Plaintiffs seek an order enjoining the sale of the property or, in the alternative, declaring any sale of the subject property to be null and void. In addition, Plaintiffs seek an order enjoining any eviction pending the outcome of the above-captioned lawsuit.

## Jurisdiction

1. The amount in controversy exceeds $25,000.00 exclusive of costs and attorneys fees.

## Parties

2. The Plaintiffs to this lawsuit reside in Oakland County, Michigan.

3. The Defendant, OCWEN LOAN SERVICING, LLC, is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

4. The Defendant, BANK OF AMERICA, NA is a non-Michigan bank doing business in Michigan, and formed outside the state of Michigan and with its principal place of business,

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

outside the State of Michigan.

## Venue

5.   The transactions and occurrences which give rise to this action occurred in Oakland County.

6.   The real property at issue is within the boundaries of Oakland County.

7.   Venue is proper in the Oakland County Circuit Court.

## General Allegations

8.   On or about November 23, 2005, Plaintiffs and a predecessor to Defendants entered into a Mortgage an Note; specifically, on or about Nov 23, 2005, Plaintiffs refinanced their mortgage for $1,120,000 with American Home Mortgage Acceptance, Inc., Melville, NY.

9.   From the date of the refinance referenced above until the present, there have been billing errors due to the non-contractual application of payments along with the over-charging of various fees, including, but not limited to, fees for inspections, attorneys fees, corporate advances, interest and penalties which amount to breaches of contract by the Defrendants

10.   On or about August 22, 2008; a predecessor to Defendants, an entity purporting to be Countrywide Bank, FSB, advertised a sheriff sale that was to take place on September 23, 2008; however, the entity purporting to be Countrywide Bank, FSB recorded a defective assignment from American Home Mortgage Acceptance, Inc.

11.   American Home Mortgage Acceptance, Inc. was in bankruptcy on that date – as such, it had no authority outside the trustee to assign.  At the same time, Countrywide Bank, FSB, had been purchased by BANK OF AMERICA, NA approximately two months earlier, on July 1, 2008 and was not in existence in order to take lawful assignment.

12.   The defective assignment was only perfected by recording a full week after Countrywide Bank, FSB began the foreclosure by advertisement.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

13.  In August, 2008, Plaintiffs presented BANK OF AMERICA, NA with a reasonable short sale offer. Seven months later, BANK OF AMERICA, NA rejected the deal, and the buyer withdrew the offer to purchase.

14.  Plaintiffs attempted in good faith to negotiate a loan modification, however, BANK OF AMERICA, NA did not negotiate in good faith and no loan modification was presented.

15.  On Nov 17, 2011, BANK OF AMERICA, NA began foreclosure against the Plaintiffs, however, this Defendant did not record any assignment until December 27, 2011; the assignment itself was defective and had no standing to proceed with a non-judicial foreclosure.

16.  Plaintiffs sent, and the Defendant BANK OF AMERICA, NA received several letters requesting clarification and proof regarding the identity of the owner of their loan; BANK OF AMERICA, NA and OCWEN never responded adequately.

17.  Plaintiffs concerns regarding who claimed ownership of their loan were very real as it was unclear whether they would be liable to more than one party for their payments.

18.  On or about October 29, 2013, Plaintiffs sent qualified written requests and validation letters to BANK OF AMERICA, NA and OCWEN.

19.  Neither BANK OF AMERICA, NA nor OCWEN responded to these qualified written requests within the requirements of RESPA.

20.  Due to defective assignments, it is not clear which entity has ownership of the mortgage or Note.

21.  M.C.L. § 600.3204 provides that the party foreclosing the mortgage is either the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

22.  Upon information and belief, OCWEN LOAN SERVICING, LLC submitted affidavits or signed other documents in support of the non-judicial foreclosure process that have procedural defects; specifically, affidavits and other documents were signed by persons who did not have personal knowledge of the facts asserted in the documents.

23.  Upon information and belief, BANK OF AMERICA, NA submitted affidavits or signed other documents in support of the non-judicial foreclosure process that have procedural defects; specifically, affidavits and other documents were signed by persons who did not have personal knowledge of the facts asserted in the documents.

24.  In addition, many affidavits proffered by both Defendants have been signed outside of the presence of a notary public, contrary to state law.

25.  The process of signing documents without confirming their accuracy has come to be known as "robo-signing." Such a process constitutes a deceptive act and/or an unfair practice or otherwise violates state law.

26.  If Defendants are permitted to proceed in dispossessing the Plaintiffs of the home, Plaintiffs will suffer irreparable harm.

27.  Defendants must be ordered to stop and reverse the foreclosure/eviction process, properly review the history of the loan, and offer a reasonable loan modification, allowing Plaintiffs to keep possession of the home.

28.  Defendants failed to provide Plaintiffs with proper notice, opportunity and documentation as required by the Michigan Foreclosure Statute, M.C.L. §600.3205a.

29.  The sheriff's sale was not properly noticed.

30.  Defendants failed to abide by the statutory rules of foreclosure.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

31. This court must intervene and enjoin the sheriff's sale and prevent Defendants from dispossessing Plaintiffs of the subject property unless and until the parties can be heard by this Honorable Court

32. Plaintiffs request declaratory relief, injunctive relief and damages, as outlined below, to stop any foreclosure, stop eviction and possession of the property and compel Defendants to provide documentation and the opportunity for a mediation and loan modification as mandated by state law.

33. On October 28, 2013, Plaintiffs sent a qualified written request to OCWEN LOAN SERVICING, LLC which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiffs could determine the exact nature of the disputed items.

34. Defendant received a copy of the qualified written request.

35. Despite its receipt of the qualified written request, Defendant, OCWEN LOAN SERVICING, LLC, refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiffs.

36. Despite its receipt of the Plaintiffs' qualified written request letter and its failure to properly respond to this request, Defendant, OCWEN LOAN SERVICING, LLC, continues its foreclosure proceedings against the subject property.

37. OCWEN LOAN SERVICING, LLC failed to conduct the necessary investigation into the disputes tendered by Plaintiffs in violation of RESPA, and, as such, OCWEN LOAN SERVICING, LLC continued with its collection against Plaintiffs or foreclosure of the property and subjected Plaintiffs to additional illegal charges and fees.

38.   OCWEN LOAN SERVICING, LLC failed to discontinue credit reporting during the pendency of the qualified written request.

39.   On October 28, 2013, Plaintiffs sent a qualified written request to BANK OF AMERICA, NA which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiffs could determine the exact nature of the disputed items.

40.   Defendant received a copy of the qualified written request.

41.   Despite its receipt of the qualified written request, Defendant, BANK OF AMERICA, NA refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiffs.

42.   Despite its receipt of the Plaintiffs' qualified written request letter and its failure to properly respond to this request, Defendant, BANK OF AMERICA, NA continues its foreclosure proceedings against the subject property.

43.   BANK OF AMERICA, NA failed to conduct the necessary investigation into the disputes tendered by Plaintiffs in violation of RESPA, and, as such, BANK OF AMERICA, NA continued with its collection against Plaintiffs or foreclosure of the property and subjected Plaintiffs to additional illegal charges and fees.

44.   BANK OF AMERICA, NA failed to discontinue credit reporting during the pendency of the qualified written request.

45.   A foreclosure sale is now scheduled for March 4, 2014.

46.   Plaintiffs will be irrevocably harmed if the foreclosure sale is allowed to proceed.

47.   The instant lawsuit against Defendants, alleges, *inter alia*, violation of MCL § 600.3205a.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

and violation of R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

48. Because Defendant has failed to cancel or adjourn the sheriff's sale scheduled for March 4, 2014, Plaintiffs have also filed their Motion for Temporary Restraining Order.

## COUNT I – REQUEST FOR EQUITABLE,

## DECLARATORY & INJUNCTIVE RELIEF

## (OCWEN LOAN SERVICING, LLC)

49. Plaintiffs incorporate the preceding allegations by reference.

50. Plaintiffs continue to reside at 311 N. Berkshire, Bloomfield, MI 48302.

51. Plaintiffs' request an emergency restraining order to temporarily stop the sheriff's sale so that the parties can be heard in this court.

52. The sheriff's sale is scheduled for this Tuesday, March 4, 2014 at 10:00 a.m.

53. The last notice of sheriff's sale posted or published regarding the subject property was March 20, 2011.

54. Plaintiffs assert that MCL § 600.3220 requires more recent notice, including but not limited to publishing in the Oakland County Legal News, to effectuate reasonable and adequate notice under Michigan law.

55. Irreparable and immediate harm will occur if the Court does not step in and temporarily stop the sheriff's sale, so the parties may be heard.

56. Plaintiffs' affidavit illustrating irreparable harm is attached as Exhibit A to T.R.O. Brief.

57. The mortgage on the subject residence has been subject to numerous refinances and assignments over the past 10 years. The crux of this Motion for T.R.O. is related to lack of notice of foreclosure required under Michigan Law. Plaintiffs received a letter dated November 23, 2011, from Trott & Trott, confirming that the sheriff's sale would not take

place at any time prior to February 15, 2012. (Exhibit B attached to T.R.O. Brief).

58. Thereafter, the parties could not work out a loan modification. Accordingly, Trott & Trott was required to provide notice as outlined by MCL 600.3220.

59. On February 21, 2012, Trott & Trott published notice of sale in the Oakland County Legal News. (Exhibit C attached to T.R.O. Brief). The sale was to occur on March 20, 2012. Now, two years later, the Defendants are apparently relying on this last posting as proper notice of the sale which is scheduled for March 4, 2014.

60. MCL 600.3220 provides:

Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary. [Emphasis added].

61. In considering injunctive relief, the court must consider four factors: 1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; 2) Whether the plaintiff has shown irreparable injury; 3) Whether the issuance of an injunctive order would cause substantial harm o others; and 4) Whether the public interest would be served by issuing the injunction. *Friendship Materials Inc. v. Michigan Brick Inc.*, 679 F.2d 100, 102 (6th Cir. 1982), citing *Mason v. County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

62. In this case, Plaintiff's request meets all four of these requirements.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

63. Plaintiffs have shown a temporary restraining order should be issued because of the likelihood of success on the merits, the irreparable harm that will result if the order is not granted, the relative lack of harm to Defendants if the order is granted and the order will serve the public interest.

64. It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to OCWEN LOAN SERVICING, LLC.

65. Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow OCWEN LOAN SERVICING, LLC or its nominee to foreclose upon the property and throw Plaintiffs out into the street.

66. The request of the Plaintiffs is that the Court grant equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove Plaintiffs from foreclosure, and declare Plaintiffs not to have been in breach of the mortgage agreement.

67. Additionally, it is the request of the Plaintiffs that this Court grant declaratory relief, in that the fees and costs charged to Plaintiffs by OCWEN LOAN SERVICING, LLC are unauthorized.

68. Additionally, it is the request of the Plaintiffs that OCWEN LOAN SERVICING, LLC produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

69. Accordingly, Plaintiffs request that this Court grant the Motion for Temporary Restraining Order enjoining the sheriff's sale scheduled for March 4, 2014 until the parties may be heard.

## COUNT II – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

## (OCWEN LOAN SERVICING, LLC)

70.     Plaintiffs incorporate the preceding allegations by reference.

71.     R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

72.     The transactions described herein involve a federally regulated mortgage loan.

73.     OCWEN LOAN SERVICING, LLC willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

a.      By failing to make appropriate corrections in the account of the Plaintiffs and failing to transmit written notification of such correction to the Plaintiffs(12 U.S.C. §2605(e)(2)(A));

b.      By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that OCWEN LOAN SERVICING, LLC believed the account of the Plaintiffs to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiffs(12 U.S.C. §2605(e)(2)(B));

c.      By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the information requested was unavailable or could not be obtained by OCWEN LOAN SERVICING, LLC and the name and telephone number of an individual who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)[c]; and

d.      By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiffs and relating to the period described in the qualified

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

written request to a consumer reporting agency during the 60 day period which began on the date of OCWEN LOAN SERVICING, LLC's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

74.    As a result of these violations, the Plaintiffs suffered damages of an economic and non-economic nature.

## COUNT III – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

## (BANK OF AMERICA, NA)

75.    Plaintiffs incorporate the preceding allegations by reference.

76.    R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

77.    The transactions described herein involve a federally regulated mortgage loan.

78.    BANK OF AMERICA, NA willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

a.    By failing to make appropriate corrections in the account of the Plaintiffs and failing to transmit written notification of such correction to the Plaintiffs(12 U.S.C. §2605(e)(2)(A));

b.    By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that BANK OF AMERICA, NA believed the account of the Plaintiffs to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiffs(12 U.S.C. §2605(e)(2)(B));

c.    By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

information requested was unavailable or could not be obtained by BANK OF AMERICA, NA and the name and telephone number of an individual who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)[c]; and

d.   By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiffs and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of BANK OF AMERICA, NA's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

79.   As a result of these violations, the Plaintiffs suffered damages of an economic and non-economic nature.

## COUNT IV – BREACH OF CONTRACT

## (OCWEN LOAN SERVICING, LLC)

80.   Plaintiffs incorporate the preceding allegations by reference.

81.   Defendants through the overcharging of fees and the misapplication of payments and credits, breached their contract with the Plaintiffs.

82.   Defendants acted in bad faith.

83.   A covenant of good faith and fair dealing exists in every valid Michigan contract, including notes and mortgages pertaining to real property such as the note and mortgage pertaining to Plaintiffs' property.

84.   A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

85.   OCWEN LOAN SERVICING, LLC failed to perform its duty of good faith and fair dealing with respect to Plaintiffs by failing to correctly apply payments, thereby causing excessive fees to accrue.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

86. OCWEN LOAN SERVICING, LLC failed to perform its duty of good faith and fair dealing with respect to Plaintiffs by failing to provide notice under the Michigan foreclosure statute.

87. OCWEN LOAN SERVICING, LLC's breach of its duty to act in good faith and deal fairly with Plaintiffs breached the Note and Mortgage.

88. Because of its breach of the implied covenant of good faith and fair dealing, OCWEN LOAN SERVICING, LLC is not entitled to exercise the remedy of foreclosure under the Mortgage.

89. Plaintiffs also suffered actual damages and is threatened with additional harm from OCWEN LOAN SERVICING, LLC's breach.

90. To the extent that actual damages will not fully and fairly compensate Plaintiffs, Plaintiffs are entitled to specific performance and other appropriate injunctive relief.

91. Plaintiffs are entitled to actual damages, reinstatement of the mortgage, cessation and rescission of any foreclosure activity.

## COUNT V – BREACH OF CONTRACT

## (BANK OF AMERICA, NA)

92. Plaintiffs incorporate the preceding allegations by reference.

93. Defendants through the overcharging of fees and the misapplication of payments and credits, breached their contract with the Plaintiffs.

94. Defendants acted in bad faith.

95. A covenant of good faith and fair dealing exists in every valid Michigan contract, including notes and mortgages pertaining to real property such as the note and mortgage pertaining to Plaintiffs' property.

96. A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

97. BANK OF AMERICA, NA failed to perform its duty of good faith and fair dealing with

respect to Plaintiffs by failing to correctly apply payments, thereby causing excessive fees to accrue.

98. BANK OF AMERICA, NA failed to perform its duty of good faith and fair dealing with respect to Plaintiffs by failing to provide notice under the Michigan foreclosure statute.

99. BANK OF AMERICA, NA's breach of its duty to act in good faith and deal fairly with Plaintiffs breached the Note and Mortgage.

100. Because of its breach of the implied covenant of good faith and fair dealing, BANK OF AMERICA, NA is not entitled to exercise the remedy of foreclosure under the Mortgage.

101. Plaintiffs also suffered actual damages and is threatened with additional harm from BANK OF AMERICA, NA's breach.

102. To the extent that actual damages will not fully and fairly compensate Plaintiffs, Plaintiffs are entitled to specific performance and other appropriate injunctive relief.

103. Plaintiffs are entitled to actual damages, reinstatement of the mortgage, cessation and rescission of any foreclosure activity.

## COUNT VI – VIOLATION OF MCL § 600.3205a

### (OCWEN LOAN SERVICING, LLC)

104. Plaintiffs incorporate the preceding allegations by reference.

105. The Michigan Foreclosure statute, M.C.L. § 600.3205a requires mortgagors to provide mortgagees with various information and action including, but not limited to:

    a. The names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer.

    b. A designation of 1 of the persons named in subdivision (b) as the person to contact and that has the authority to make agreements under sections 3205b and 3205c.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

c.    That enclosed with the notice is a list of housing counselors prepared by the Michigan state housing development authority and that within 14 days after the notice is sent, the borrower may request a meeting with the person designated under subdivision (c) to attempt to work out a modification of the mortgage loan to avoid foreclosure and that the borrower may also request a housing counselor to attend the meeting.

d.    That if the borrower requests a meeting with the person designated under subdivision (c), foreclosure proceedings will not be commenced until 90 days after the date the notice is mailed to the borrower.

e.    That if the borrower and the person designated under subdivision (c) reach an agreement to modify the mortgage loan, the mortgage will not be foreclosed if the borrower abides by the terms of the agreement.

f.    That if the borrower and the person designated under subdivision (c) do not agree to modify the mortgage loan but it is determined that the borrower meets criteria for a modification under section 3205c(1) and foreclosure under this chapter is not allowed under section 3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

106.    OCWEN LOAN SERVICING, LLC or its agents has failed or refused to provide Plaintiffs with a mediation or with the required notices and modification information and opportunities in violation of the statute.

107.    Plaintiffs have suffered damages as the result of OCWEN LOAN SERVICING, LLC's conduct.

108.    OCWEN LOAN SERVICING, LLC and its agents must be prevented from commencing

foreclosure or eviction until there is full compliance with the statute that allows it to circumvent the judicial process and kick homeowners out of their homes using self-help measures.

## COUNT VII – VIOLATION OF MCL § 600.3205a

### (BANK OF AMERICA, NA)

109. Plaintiffs incorporate the preceding allegations by reference.

110. The Michigan Foreclosure statute, M.C.L. § 600.3205a requires mortgagors to provide mortgagees with various information and action including, but not limited to:

   a. The names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer.

   b. A designation of 1 of the persons named in subdivision (b) as the person to contact and that has the authority to make agreements under sections 3205b and 3205c.

   c. That enclosed with the notice is a list of housing counselors prepared by the Michigan state housing development authority and that within 14 days after the notice is sent, the borrower may request a meeting with the person designated under subdivision (c) to attempt to work out a modification of the mortgage loan to avoid foreclosure and that the borrower may also request a housing counselor to attend the meeting.

   d. That if the borrower requests a meeting with the person designated under subdivision (c), foreclosure proceedings will not be commenced until 90 days after the date the notice is mailed to the borrower.

   e. That if the borrower and the person designated under subdivision (c) reach an agreement to modify the mortgage loan, the mortgage will not be foreclosed if the

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

borrower abides by the terms of the agreement.

    f.    That if the borrower and the person designated under subdivision (e) do not agree to modify the mortgage loan but it is determined that the borrower meets criteria for a modification under section 3205c(1) and foreclosure under this chapter is not allowed under section 3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

111.    BANK OF AMERICA, NA or its agents has failed or refused to provide Plaintiffs with a mediation or with the required notices and modification information and opportunities in violation of the statute.

112.    Plaintiffs have suffered damages as the result of BANK OF AMERICA, NA's conduct.

113.    BANK OF AMERICA, NA and its agents must be prevented from commencing foreclosure or eviction until there is full compliance with the statute that allows it to circumvent the judicial process and kick homeowners out of their homes using self-help measures.

<u>COUNT VIII – REQUEST FOR EQUITABLE,</u>

<u>DECLARATORY & INJUNCTIVE RELIEF</u>

<u>(BANK OF AMERICA, NA)</u>

114.    Plaintiffs incorporate the preceding allegations by reference.

115.    It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to BANK OF AMERICA, NA.

116.    Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow BANK OF AMERICA, NA or its nominee to foreclose upon the property and throw Plaintiffs out into the street.

117.    The request of the Plaintiffs is that the Court grant equitable, declaratory and injunctive relief

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

to decelerate the mortgage balance, remove Plaintiffs from foreclosure; and declare Plaintiffs not to have been in breach of the mortgage agreement.

118.   Additionally, it is the request of the Plaintiffs that this Court grant declaratory relief, in that the fees and costs charged to Plaintiffs by BANK OF AMERICA, NA are unauthorized.

119.   Additionally, it is the request of the Plaintiffs that BANK OF AMERICA, NA produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

## COUNT IX – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE

## (OCWEN LOAN SERVICING, LLC)

120.   Plaintiffs incorporate the preceding allegations by reference.

121.   The agreement between the parties as set forth herein constituted an enforceable contract.

122.   Plaintiffs performed fully under the terms of the contract – or cured any default – and under those terms was entitled to full performance by the OCWEN LOAN SERVICING, LLC.

123.   OCWEN LOAN SERVICING, LLC has repeatedly breached its contract with the Plaintiffs by:

a.   causing a breach which it wrongly attributed to Plaintiffs in order to pressure Plaintiffs into paying unnecessary and unwarranted fees and costs;

b.   imposing unnecessary fees and costs upon Plaintiffs;

c.   repeatedly misstating the amount due under Plaintiffs loan;

d.   requesting specific forms of action on the part of Plaintiffs and then claiming that the course of conduct of Plaintiffs justified default under the mortgage and foreclosure upon the home;

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

e.     wrongfully foreclosing on the property of the Plaintiffs ;

f.     refusing to perform in good faith;

g.     willfully misstating the payment history to credit reporting agencies so as to disable Plaintiffs from refinancing;

124.    OCWEN LOAN SERVICING, LLC, accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

125.    These actions by OCWEN LOAN SERVICING, LLC constitute a breach of the contract obligations as construed by Michigan law.

126.    Plaintiffs have suffered damages as a result of this breach of contract.

## COUNT X – VIOLATION OF MICHIGAN FORECLOSURE LAW

## (OCWEN LOAN SERVICING, LLC)

127.    Plaintiffs incorporate the preceding allegations by reference.

128.    OCWEN LOAN SERVICING, LLC has violated Michigan Foreclosure law by engaging in one or more of the following acts or omissions:

a.     Failing to accurately list the contents of the advertisement.

b.     Preparing affidavits in advance of the auction for filing with the Registrar of Deeds.

c.     Failing to file a Notice of Adjournment.

d.     Failing to Notify Plaintiffs of the Notice of Adjournment.

e.     Failing to notify Plaintiffs of the foreclosure proceedings.

f.     Charging Plaintiffs attorney fees not authorized by statute.

129.    The above actions of OCWEN LOAN SERVICING, LLC constitute violations of Michigan Foreclosure by advertisement law, thus making the foreclosure voidable if not void.

## COUNT XI – VIOLATION OF MICHIGAN FORECLOSURE LAW

### (OCWEN LOAN SERVICING, LLC)

130.   Plaintiffs incorporate the preceding allegations by reference.

131.   OCWEN LOAN SERVICING, LLC is licensed, registered or should be, under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445.1651 *et. seq.*

132.   The transactions at issue are within the purview of the Act, M.C.L. § 445.1651a(n)

133.   OCWEN LOAN SERVICING, LLC violated the Act, M.C.L. § 445.1672 and M.C.L. § 445.1673, as follows:

  a.   Failing to conduct their business in accordance with the Act and other laws;

  b.   Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

  c.   Charging Plaintiffs fees beyond those that were reasonable, necessary, actually incurred by OCWEN LOAN SERVICING, LLC, or supported by contract and law, in connection with the transactions described herein;

  d.   Inducing Plaintiffs to enter a transaction which provided little or no benefit to the Plaintiffs, but which was arranged for the primary purpose of generating fees for OCWEN LOAN SERVICING, LLC.

  e.   As the result of OCWEN LOAN SERVICING, LLC's violations of this Act, Plaintiffs is entitled to statutory damages of $250.00 per violation or actual damages, whichever is greater, along with costs under M.C.L. § 445.1681( c).

134.   Plaintiffs is entitled to money damages and/or actual damages in an amount to be determined by the court, and costs and attorney fees.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

## COUNT XII – VIOLATION OF M.C.L § 445.901 *et seq.*

### (OCWEN LOAN SERVICING, LLC)

135.  Plaintiffs incorporate the preceding allegations by reference.

136.  The facts set forth in this complaint establish that OCWEN LOAN SERVICING, LLC violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

137.  Plaintiffs have suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT XIII – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE

### (BANK OF AMERICA, NA)

138.  Plaintiffs incorporate the preceding allegations by reference.

139.  The agreement between the parties as set forth herein constituted an enforceable contract.

140.  Plaintiffs performed fully under the terms of the contract – or cured any default – and under those terms was entitled to full performance by the BANK OF AMERICA, NA.

141.  BANK OF AMERICA, NA has repeatedly breached its contract with the Plaintiffs by:

   a.   causing a breach which it wrongly attributed to Plaintiffs in order to pressure Plaintiffs into paying unnecessary and unwarranted fees and costs;

   b.   imposing unnecessary fees and costs upon Plaintiffs;

   c.   repeatedly misstating the amount due under Plaintiffs loan;

   d.   requesting specific forms of action on the part of Plaintiffs and then claiming that the course of conduct of Plaintiffs justified default under the mortgage and

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

foreclosure upon the home;

    e.    wrongfully foreclosing on the property of the Plaintiffs ;

    f.    refusing to perform in good faith;

    g.    willfully misstating the payment history to credit reporting agencies so as to disable Plaintiffs  from refinancing;

142.    BANK OF AMERICA, NA, accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

143.    These actions by BANK OF AMERICA, NA constitute a breach of the contract obligations as construed by Michigan law.

144.    Plaintiffs have  suffered damages as a result of this breach of contract.

**COUNT  XIV – VIOLATION OF MICHIGAN FORECLOSURE LAW**

**(BANK OF AMERICA, NA)**

145.    Plaintiffs incorporate the preceding allegations by reference.

146.    BANK OF AMERICA, NA has violated Michigan Foreclosure law by engaging in one or more of the following acts or omissions:

    a.    Failing to accurately list the contents of the advertisement.

    b.    Preparing affidavits in advance of the auction for filing with the Registrar of Deeds.

    c.    Failing to file a Notice of Adjournment.

    d.    Failing to Notify Plaintiffs of the Notice of Adjournment.

    e.    Failing to notify Plaintiffs of the foreclosure proceedings.

    f.    Charging Plaintiffs attorney fees not authorized by statute.

147.    The above actions of BANK OF AMERICA, NA constitute violations of Michigan Foreclosure by  advertisement law, thus making the foreclosure voidable if not void.

## COUNT XV – VIOLATION OF MICHIGAN FORECLOSURE LAW

## (BANK OF AMERICA, NA)

148. Plaintiffs incorporate the preceding allegations by reference.

149. BANK OF AMERICA, NA is licensed, registered or should be, under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445.1651 *et. seq.*

150. The transactions at issue are within the purview of the Act, M.C.L. § 445.1651a(n)

151. BANK OF AMERICA, NA violated the Act, M.C.L. § 445.1672 and M.C.L. § 445.1673, as follows:

   a. Failing to conduct their business in accordance with the Act and other laws;

   b. Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

   c. Charging Plaintiffs fees beyond those that were reasonable, necessary, actually incurred by BANK OF AMERICA, NA, or supported by contract and law, in connection with the transactions described herein;

   d. Inducing Plaintiffs to enter a transaction which provided little or no benefit to the Plaintiffs, but which was arranged for the primary purpose of generating fees for BANK OF AMERICA, NA.

   e. As the result of BANK OF AMERICA, NA's violations of this Act, Plaintiffs is entitled to statutory damages of $250.00 per violation or actual damages, whichever is greater, along with costs under M.C.L. § 445.1681( c).

152. Plaintiffs is entitled to money damages and/or actual damages in an amount to be determined by the court, and costs and attorney fees.

## COUNT XVI – VIOLATION OF M.C.L § 445.901 *et seq.*

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

**(BANK OF AMERICA, NA)**

153.   Plaintiffs incorporate the preceding allegations by reference.

154.   The facts set forth in this complaint establish that BANK OF AMERICA, NA violated one

or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

155.   Plaintiffs have suffered damages as a result of these violations of the Michigan Consumer

Protection Act.

## COUNT XVII – Fair Debt Collection Practices Act

### (OCWEN LOAN SERVICING, LLC)

156.   Plaintiffs incorporate the preceding allegations by reference.

157.   At all relevant times OCWEN LOAN SERVICING, LLC – in the ordinary course of its

business – regularly engaged in the practice of collecting debts on behalf of other individuals

or entities.

158.   OCWEN LOAN SERVICING, LLC is a "debt collector" under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

159.   OCWEN LOAN SERVICING, LLC's foregoing acts in attempting to collect this alleged debt

against Plaintiffs constitute violations of the FDCPA.

160.   Plaintiffs have suffered damages as a result of these violations of the FDCPA.

## COUNT XVIII – Michigan Occupational Code

### (OCWEN LOAN SERVICING, LLC)

161.   Plaintiffs incorporate the preceding allegations by reference.

162.   OCWEN LOAN SERVICING, LLC is a "collection agency" as that term is defined in the

Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

163.   OCWEN LOAN SERVICING, LLC's foregoing acts in attempting to collect this alleged debt

against Plaintiffs constitute violations of the Occupational Code.

164.  Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT  XIX – Fair Debt Collection Practices Act

## (BANK OF AMERICA, NA)

165.  Plaintiffs incorporate the preceding allegations by reference.

166.  At all relevant times BANK OF AMERICA, NA – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

167.  BANK OF AMERICA, NA is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

168.  BANK OF AMERICA, NA's foregoing acts in attempting to collect this alleged debt against Plaintiffs constitute violations of the FDCPA.

169.  Plaintiffs have suffered damages as a result of these violations of the FDCPA.

## COUNT  XX – Michigan Occupational Code

## (BANK OF AMERICA, NA)

170.  Plaintiffs incorporate the preceding allegations by reference.

171.  BANK OF AMERICA, NA is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

172.  BANK OF AMERICA, NA's foregoing acts in attempting to collect this alleged debt against Plaintiffs constitute violations of the Occupational Code.

173.  Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

174.   Plaintiffs demand trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiffs request that this Court:*

a.    *Grant Plaintiffs all legal title to the subject property;*

b.    *Award Plaintiffs all damages incurred by Plaintiffs as a result of OCWEN LOAN SERVICING, LLC's actions herein;*

c.    *Award Plaintiffs all damages incurred by Plaintiffs as a result of BANK OF AMERICA, NA's actions herein;*

d.    *Award Plaintiffs costs and attorney's fees;*

e.    *Award any other relief that this Court deems just and equitable;*

f.    *Award exemplary damages;*

g.    *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for KAMEL KASSEM
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

Dated: March 3, 2014

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

2014-139238-CK
JUDGE MCMILLEN

Plaintiffs,

DEMAND FOR JURY TRIAL

-vs-

Case No. 2014-      -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

Defendants.

## Demand for Jury Trial

Plaintiffs demand trial by jury in this action.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for KAMEL KASSEM
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

Dated: March 3, 2014

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

        Plaintiffs,                           DEMAND FOR JURY TRIAL

-vs-                                Case No. 2014-139238-CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

        Defendants.

### **NOTICE OF HEARING**

Take Notice: The Court will hold a Show Cause Hearing on March 19, 2014 at 11:00 am

regarding Plaintiff's Motion for Temporary Restraining Order.

                              Respectfully Submitted,

                              ADAM G. TAUB & ASSOCIATES
                              CONSUMER LAW GROUP, PLC

                        By:   s/ Adam G. Taub
                              Adam G. Taub (P48703)
                              Attorney for Plaintiffs
                              17200 West 10 Mile Rd. Suite 200
                              Southfield, MI 48075
                              Phone:  (248) 746-3790
                              Email:  adamgtaub@clgplc.net

Dated: March 4, 2014

Received for Filing Oakland County Clerk 2014 MAR 04 AM 09:24



Electronic Praecipe > Create

**Do not click the Back Button on your browser**

**Praecipe submitted successfully**

Click here to print the submitted Praecipe. To enter a new Praecipe, click here.

**TO BE FILED WITH THE CASE MANAGEMENT OFFICE BY 4:30 P.M. ON OR BEFORE WEDNESDAY PRECEDING MOTION DAY**

**PRAECIPE FOR MOTION AND MISCELLANEOUS DOCKET**

STATE OF MICHIGAN
The Circuit Court for the County of Oakland
1200 N. Telegraph Rd., Dept. 404, Pontiac, MI 48341-0404

Case Number : 2014-139238-CK

(YYYY-123456-XX)

Plaintiff KASSEM, KAMEL,.                                    v.                    Defendant OCWEN LOAN SERV

Judge: PHYLLIS C. McMILLEN

Summary Disposition Motion: ☐

Motion Date: Wednesday,  3/19/2014

Motion Title: | Show Cause Motion re: TRO

YOUR MOTION WILL NOT BE SCHEDULED IF YOU DO NOT COMPLETE EITHER #1 OR #2 BELOW:

◉ 1. I hereby certify that I have made personal contact with Traci Kemp-Brooks  on 3/3/2014  ,
requesting concurrence in the relief sought with this Motion and that concurrence has been denied.

OR

○ 2. I have made reasonable and diligent attempts to contact counsel requesting concurrence in the relief sought with this motion on

| Is this a re-praecipe? |
|---|
| ◉ No    ○ Yes |
| **Notice:** If this motion has been praeciped with no one appearing, the judge has an option of sanctioning parties or dismissing your motion. Your electronic signature certifies that the above information is correct. |

Attorney: Adam G. Taub                    Phone: (248)320-8011

Moving Party: Plaintiffs

Date:  3/4/2014 9:26:19 AM

C-10 (11-07)46569                                                                Local Rule 2.119

**(Motion briefs must be delivered to the judge's chambers or e-filed.)**

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

                                      2014-139238-CK
                                      JUDGE MCMILLEN

        Plaintiffs,                    DEMAND FOR JURY TRIAL

   -vs-                            Case No. 2014-    -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

        Defendants.

**TEMPORARY RESTRAINING ORDER**

    At a session of said Court held in the Courthouse in the City of Pontiac, Oakland County and State of Michigan on the 3rd day of March, 2014.

**Present:   Hon. _____ PHYLLIS C MCMILLEN _____, Circuit Court Judge.**

    **THIS MATTER** having come before the Court on the Plaintiffs' Emergency Ex-Parte Motion for Temporary Restraining Order, and the Court being fully advised in the matter;

    **IT IS HEREBY ORDERED** that the sheriff's sale of Plaintiffs, home at 311 N. Berkshire, Bloomfield, MI 48302 scheduled for March 4, 2014 is hereby temporarily enjoined until the parties can be heard or until further Order of the Court.

    IT IS FURTHER ORDERED that the Plaintiffs shall serve this Motion and Order upon Defendants or their foreclosure counsel by March 3, 2014 and that the case is set for a Show Cause Hearing on __March 19th, 2014 @ 11:00 am.__.

The moving party needs to notice the motion for hearing.

                    /s/ Phyllis C. McMillen
                    Circuit Court Judge            WW

Received for Filing Oakland County Clerk 2014 MAR 03 PM 04:20

WW

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

2014-139238-CK
JUDGE MCMILLEN

Plaintiffs,                          DEMAND FOR JURY TRIAL

-vs-                                 Case No. 2014-    -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

Defendants.

**EMERGENCY EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs, through counsel, seek a an order temporarily restraining the sheriff's sale of their

home and in support rely on the accompanying brief and its attachments, incorporated as if set forth

in full herein. *ACCORDINGLY*, Plaintiffs request that this Court grant the Motion for Temporary

Restraining Order enjoining the sheriff's sale scheduled for March 4, 2014 until the parties may be

heard.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Cheryl Rak
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone: (248) 746-3790
        Email: adamgtaub@clgplc.net

Dated: March 3, 2014

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

2014-139238-CK
JUDGE MCMILLEN

Plaintiffs,

DEMAND FOR JURY TRIAL

-vs-

Case No. 2014-    -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

Defendants.

## BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs have filed the instant lawsuit against Defendants, alleging, *inter alia*, violation of

MCL § 600.3205a and violation of R.E.S.P.A. 12 U.S.C. § 2601 *et seq.* Because Defendant has

failed to cancel or adjourn the sheriff's sale scheduled for March 4, 2014, Plaintiffs have filed their

Motion for Temporary Restraining Order.

1.    SHORT SUMMARY

1.    Plaintiffs live at 311 N. Berkshire, Bloomfield, MI 48302.

2.    Plaintiffs' request an emergency restraining order to temporarily stop the sheriff's sale

so that the parties can be heard in this court.

3.    The sheriff's sale scheduled for this Tuesday, March 4, 2014 at 10:00 a.m.

4.    The last notice of sheriff's sale posted or published regarding the subject property was

March 20, 2011.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

5.    Plaintiffs assert that MCL § 600.3220 requires more recent notice, including but not limited to publishing in the Oakland County Legal News, to effectuate reasonable and adequate notice under Michigan law.

6.    Irreparable and immediate harm will occur if the Court does not step in and temporarily stop the sheriff's sale, so the parties may be heard.

7.    Plaintiffs' affidavit illustrating irreparable harm is attached as Exhibit A.

2.    FACTUAL BACKGROUND

The mortgage on the subject residence has been subject to numerous refinances and assignments over the past 10 years. The crux of this Motion for T.R.O. is related to lack of notice of foreclosure required under Michigan Law. Plaintiffs received a letter dated November 23, 2011, from Trott & Trott, confirming that the sheriff's sale would not take place at any time prior to February 15, 2012. (Exhibit B). Thereafter, the parties could not work out a loan modification. Accordingly, Trott & Trott was required to provide notice as outlined by MCL 600.3220.

On February 21, 2012, Trott & Trott published notice of sale in the Oakland County Legal News. (Exhibit C). The sale was to occur on March 20, 2012. Now, two years later, the Defendants are apparently relying on this last posting as proper notice of the sale which is scheduled for March 4, 2014.

Although Plaintiffs' Complaint includes various allegations involving common law and violation of statute, this instant Motion involves only the issue of notice under MCL 600.3220 involving the statutory notice required for a sheriff's sale in Michigan.

MCL 600.3220 provides:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before, or at the

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary. [Emphasis added].

As noted above, Defendants must comply with notice requirements including publishing in the Oakland County legal news prior to the sheriff's sale. "A genuine issue of material fact may exist regarding whether the weekly adjournment notices were actually posted by a sheriff's deputy at the place where the sheriff's sale was scheduled to occur or published in the newspaper in which the original notice was published." *Deutsche Bank Nat. Trust Co. v. Perfetto*, N.W.2d, 2010 WL 571823 Mich.App., 2010. (Exhibit D)

The timing of this Emergency Motion is significant. Plaintiffs MUST FILE THIS ACTION BEFORE THE SHERIFF'S SALE, to properly challenge notice, see *Sweet Air Inv., Inc. v. Kenney* 275 Mich.App. 492, 739 N.W.2d 656 (2007).

ACCORDINGLY, the Plaintiffs have timely sought their remedy by the filing of this lawsuit, which specifically requests that the non-judicial sheriff's sale be stopped and that the Court hear the parties regarding the issue of notice. It is imperative that the sheriff's sale be stopped, at least temporarily to protect Plaintiffs' legal rights and preserve any chance or challenge they have to the unlawful actions of Defendants.

3.     ARGUMENT

In considering injunctive relief, the court must consider four factors: 1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; 2) Whether the plaintiff has shown irreparable injury; 3) Whether the issuance of an injunctive order would cause substantial harm o others; and 4) Whether the public interest would be served by issuing the

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

injunction. *Friendship Materials Inc. v. Michigan Brick Inc.*, 679 F.2d 100, 102 (6th Cir. 1982),

citing *Mason v. County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). In this case,

Plaintiff's request meets all four of these requirements.

1. Likelihood of Success on the Merits

The attached affidavit of Kamel Kassem establishes that no proper notice has been given by

Defendants regarding this newest foreclosure sale set for March 4, 2014. The likelihood of success

on this issue evident from this testimony, along with Exhibits B and C which illustrate the last time

the property was posted and published for sale. Defendants plainly violated their notice obligations

under MCL 600.3220 as they continue ahead with foreclosure and sheriff's sale plans. Plaintiffs will

succeed under their claims of wrongful foreclosure under these circumstances. Defendants must be

prevented from selling Plaintiffs' home until the Plaintiffs can be heard on these issues.

2. Irreparable Injury

If a temporary restraining order is not granted, Plaintiffs will suffer an irreparable injury in that their

home will be sold at sheriff's sale immediately. The risk is neither remote nor a mere possibility;

rather, it is immediate in nature. The sheriff's sale is tomorrow, Tuesday, March 4, 2014. The loss

of the home would be devastating to Plaintiffs, as outlined in the affidavit, and will affect Plaintiffs

legal rights moving forward. If Plaintiffs loses their home now, they can never be adequately

compensated by monetary damages. The home will have been lost, and they will lost significant

legal rights which are eradicated upon the date of sale. If the sheriff's sale proceeds as scheduled,

it is improbable that it can be undone.. Thus, because the harm to Plaintiffs will be immediate an

irreparable, this Court should grant Plaintiffs' motion for a temporary restraining order.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

3.    Balance of Harms

The harm Plaintiffs will suffer if they lose their home outweigh any harm to the Defendants. If Plaintiffs are allowed to avoid the sheriff's sale temporarily, while these proceedings are pending, the irreparable harm of losing the home to foreclosure sale will be avoided.  Alternatively, Defendants would simply have to delay the sale to a later date.  Plaintiffs have made informal efforts to avoid having to file this Motion. Defendants have refused to put the sale off.  In short, Plaintiffs' claims must be fully adjudicated.  The harm to Plaintiffs losing the home obviously outweigh a simple delay in the sheriff's sale proceedings.

4.    The Public Interest

Plaintiff submits that the public interest favors the granting of the requested relief. The public has an interest in the orderly administration of justice with respect to this transaction which will be defeated if the relief sought is not granted. Public policy favors the proper adjudication of claims of illegal foreclosure and due process relating to notice of sheriff's sale.  Additionally, public policy dictates that we should not render the Plaintiffs in the precarious position of losing their home to foreclosure sale, without being heard regarding this important issue, at least for a period of time to be heard in court.

5.    No Bond Should Be Required

In this case, to require a bond in any substantial amount is effectively to deny Plaintiffs the relief requested because a large bond would prevent Plaintiffs from making whatever mortgage payment may be necessary to turn the foreclosure around and pay legal fees to prevent this injustice.

4.    CONCLUSION

Plaintiffs have shown a temporary restraining order should be issued because of the likelihood of success on the merits, the irreparable harm that will result if the order is not granted,

the relative lack of harm to Defendants if the order is granted and the order will serve the public

interest. Accordingly, Plaintiffs request that this Court grant the Motion for Temporary Restraining

Order enjoining the sheriff's sale scheduled for March 4, 2014 until the parties may be heard.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Cheryl Rak
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

Dated: March 3, 2014

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

## AFFIDAVIT OF KAMEL KASSEM

STATE OF MICHIGAN    )
                           )
COUNTY OF OAKLAND )

I, Kamel Kassem, being first duly sworn, deposes and says:

    1. This affidavit is based upon my personal knowledge and, if called, I can and will testify competently to the facts state herein.

    2. I am the Plaintiff in the above captioned lawsuit and the owner of the residence in Bloomfield, Michigan which is the subject of this lawsuit. I live there with my wife Jehan who is currently out of the country.

    3. The address of the residence is 311 N. Berkshire, Bloomfield, MI 48302.

    4. I received a letter dated November 23, 2011, from Trott & Trott, confirming that the sheriff's sale would not take place at any time prior to February 15, 2012 so that we could have a mediation and attempt a loan modification.

    5. We could not work out a loan modification.

    6. Then, on February 21, 2012, Trott & Trott published notice of sheriff's sale in the Oakland County Legal News. The sale was to occur on March 20, 2012.

    7. That sale never took place, and the sheriff's sale was evidently put on hold by defendants for the past two years.

    8. I have reviewed the records for the Oakland County Legal News and the last reported notice of sheriff's sale was published March 20, 2012.

    9. I am worried that if the sheriff's sale goes forward, I will lose my home forever and have no opportunity for a loan modification or to challenge the foreclosure sale.

    10. It is my understanding that after the sheriff's sale, my house will be sold to the highest bidder and I will lose substantial rights to challenge this foreclosure sale. This event will cause me and my wife Jehan irreparable injury and prevent us from having proper notice of the sale and

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

from ever living in my home again after the redemption period.  I believe we deserve the opportunity to be heard to avoid the sheriff's sale that will put us out of our home without proper notice.

Further Affiant sayeth not.

Kamel Kassem

Subscribed and sworn to before me

this ___3rd___ day of ___March___, 2014

Notary Public - My Commission expires: ___July 2, 2015___

DORI M GRAY
Notary Public - Michigan
Oakland County
My Commission Expires Jul 2, 2015
Acting in the County of Oakland

# TROTT & TROTT

### *A PROFESSIONAL CORPORATION*

| | |
|---|---|
| HEADQUARTERS: | GRAND RAPIDS: |
| 31440 Northwestern Hwy • Suite 200 | 4024 Park East Ct. • Suite B |
| Farmington Hills, MI 48334 | Grand Rapids, MI 49546 |
| 248-642-2515 • Fax 248-642-3628 | 616-942-0893 • Fax 616-942-0921 |

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

November 23, 2011

Kamel M. Kassem
311 N Berkshire Rd
Bloomfield Hills, MI 48302-0401

RE:   Kamel M. Kassem
      311 N Berkshire Rd
      Bloomfield Hills, MI 48302-0401
      T&T #388863F01
      Loan #125332963

Dear Kamel M. Kassem:

You, a co-mortgagor, or an approved housing counselor have requested a meeting with a designate of the servicer and/or lender to discuss loan modification and/or loss mitigation options, relative to the above-referenced property. As a result, the foreclosure process will not continue until on or after February 15, 2012.

Please return copies of all of the following documents to us:

- The completed financial/information worksheet that is enclosed
- A letter explaining your hardship
- Two (2) most recent paystubs showing year-to-date income. If paid weekly, please provide four (4) most recent paystubs
- W-2 forms
- Copies of benefit statement or letter from the provider that states the amount, frequency, and duration of the benefit
- Proof of any other income received such as alimony, rental, child support, pension, death benefits, public assistance, unemployment, etc.
- Two most recent year's tax returns with all schedules (signed with all pages) or most recently filed tax return with proof of extension (signed with all pages)
- Two most recent months bank statements
- Proof of occupancy such as a copy of the most recent water bill, gas bill, electric bill, or phone bill for the subject property
- A fully executed 4506-T form

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

Please return the enclosed documents to us at the following address:

     Trott & Trott, P.C.
     31440 Northwestern Highway, Suite 200
     Farmington Hills, MI 48334-2525
or fax to (248) 341-4646.

Please return the requested documents to the above-referenced address within 10 days of the date of this letter. Once this office receives the completed documentation and assuming the documentation is submitted timely, we will schedule a meeting with the lender and/or servicer's designate, pursuant to Michigan statute.

Should you have any further questions or comments, please feel free to contact our office at the below number.

Sincerely,
TROTT & TROTT, P.C.
(248) 341-4740

To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

CC: Jehan E. Kassem
    311 N Berkshire Rd
    Bloomfield Hills, MI 48302-0401

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

*(handwritten, left margin, vertical)* Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

*(handwritten)* Oakland Legal News Feb 21, 2012

redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: February 21, 2012

For more information, please call:
FC X (248) 593-1302
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #089604F05

(2-21)(3-13)

---

TROTT & TROTT, P.C.
Attorneys and Counselors
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by KAMEL M. KASSEM, a married man and JEHAN E. KASSEM, his wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., Mortgagee, dated November 23, 2005, and recorded on January 10, 2006 in Liber 36921 on Page 668, and assigned by mesne assignments to Bank of America, N.A. as assignee as documented by an assignment, in Oakland county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Million Six Hundred Sixty-Five Thousand Four Hundred Four and 81/100 Dollars ($1,665,404.81), including interest at 7.435% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, at the place of holding the circuit court within Oakland County, at 10:00 AM, on MARCH 20, 2012.

Said premises are situated in Township of Bloomfield, Oakland County, Michigan, and are described as:

Lot 29, of Bloomfield Highlands Subdivision, as recorded in Liber 7, Page 37 of Plats, Oakland County Records.

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: February 21, 2012

For more information, please call:
FC X (248) 593-1302
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #388863F01

(2-21)(3-13)

---

any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

THE FORECLOSING PARTY ANTICIPATES BIDDING LESS THAN THE FORECLOSING PARTY'S OPINION OF THE MARKET VALUE.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by MARIA GERARDA MEDILO-MILLER, a single woman aka MARIA MEDILO-MILLER, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., Mortgagee, dated June 2, 2003, and recorded on July 21, 2003 in Liber 30034 on Page 182, and assigned by said Mortgagee to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. as assignee as documented by an assignment, in Oakland county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Forty-Seven Thousand One Hundred Three and 80/100 Dollars ($147,103.80), including interest at 6.375% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, at the place of holding the circuit court within Oakland County, at 10:00 AM, on MARCH 20, 2012.

Said premises are situated in Village of Beverly Hills, Oakland County, Michigan, and are described as:

Unit 2, Building 1, Evergreen Commons Condominium, according to the Master Deed recorded in Liber 9238, Pages 45 through 84, inclusive and amended Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 436, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as described in Act 229 of the Public Acts of 19693 and Act 59 of the Public Acts of 1978, as amended

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: February 21, 2012

For more information, please call:
FC X (248) 593-1302
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #383049F01

(2-21)(3-13)

---

FILE NO. 2011-338,464-DE
NOTICE TO CREDITORS
Decedent's Estate

STATE OF MICHIGAN, Probate Court, County of Oakland - Estate of GERALD B. HORGER, Deceased. Date of birth: January 9, 1915.

TO ALL CREDITORS:

NOTICE TO CREDITORS: The decedent, Gerald B. Horger, who lived at 28468 Inkster Rd., Southfield, Michigan, died December 9, 2009.

Creditors of the decedent are notified that all claims against the estate will be forever barred unless presented to Diana N. Vore, named personal representative or proposed personal representative, or to both the probate court, at 1200 North Telegraph Road, Pontiac, Michigan 48341, and the named/proposed personal

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

# DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff/Counter-Defendant-Appellee,

## v.

# STEVE PERFETTO AND MICHELE PERFETTO, Defendants/Counter-Plaintiffs-Appellants.

### No. 288652.

### Court of Appeals of Michigan.

February 18, 2010.

Before: Gleicher, P.J., and O'Connell and Wilder, JJ.

## UNPUBLISHED

PER CURIAM.

In this eviction action, defendants appeal as of right an order granting summary disposition in plaintiff's favor. We affirm.

## I.

In 2004, defendants executed a home mortgage for $182,700. In August 2006, defendants failed to make a mortgage payment and plaintiff notified defendants of their right to cure the delinquency within thirty days of the notice. When defendants failed to cure the delinquency, plaintiff accelerated the loan and initiated foreclosure proceedings by advertisement. A sheriff's sale was scheduled for November 29, 2006, but the parties entered into a forbearance agreement by which defendants would pay $4,000 immediately as a non-refundable payment toward the total deficiency and, in addition to the monthly mortgage payment, defendants would pay the $4,677.29 remaining in the deficiency over the course of five months. Pursuant to this agreement, plaintiff agreed to "forbear[1] from commencing/continuing foreclosure" and plaintiff's representative subsequently sent weekly notices adjourning the sheriff's sale to a Wayne County Sheriff's Deputy for public posting at the Coleman A. Young Municipal Center in Detroit (footnote added). In December 2006, defendants failed to pay their first installment, which included the mortgage and forbearance payments. Plaintiff notified defendants that the request for forbearance was denied and, pursuant to the forbearance agreement, foreclosure proceedings continued. Nevertheless, plaintiff's representative subsequently sent weekly notices adjourning the sheriff's sale to the sheriff's deputy.

In February 2007, the parties entered into a second forbearance agreement by which defendants would pay $8,000 immediately as a non-refundable payment toward the total deficiency and the $1,722.73 remaining in the deficiency over the course of 11 months. Thereafter, plaintiff's representative continued to send the weekly notices adjourning the sheriff's sale to the sheriff's deputy. In early March 2007, defendants failed to pay the first installment according to the forbearance agreement. Again, plaintiff notified defendants that the request for forbearance was denied and, pursuant to the forbearance agreement, foreclosure proceedings continued. Plaintiff's representative sent weekly notices adjourning the sheriff's sale until March 21, 2007.

When defendants failed to redeem the property within six months and refused to vacate the home, plaintiff instituted eviction proceedings in the district court. Defendant's filed a counter-complaint: 1) requesting a declaratory judgment that the forbearance agreements violated the Michigan Consumer Protection (MCPA), 2) alleging breach of contract, and 3) requesting clear title to their home. The case was transferred to the circuit court and the parties moved for summary disposition pursuant to MCR 2.116(C)(10). The trial court entered an order dismissing the parties' claims in plaintiff's favor, finding that defendants failed to make their payments and they received adequate notice during the foreclosure proceedings.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

## II.

Review of a trial court's grant of summary disposition is de novo. *Klapp v United Ins Group Agency, Inc,* 468 Mich 459, 463; 663 NW2d 447 (2003). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted." *Martin v Ledingham,* 282 Mich App 158, 160; 774 NW2d 328 (2009). The court must consider this evidence in the light most favorable to the nonmoving party, *Corley v Detroit Bd of Educ,* 470 Mich 274, 278; 681 NW2d 342 (2004), and must draw all reasonable inferences in favor of the nonmovant. *Scalise v Boy Scouts of America,* 265 Mich App 1, 10; 692 NW2d 858 (2005). "A trial court has properly granted a motion for summary disposition under MCR 2.116(C)(10) 'if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law.'" *Clerc v Chippewa Co War Mem Hosp,* 267 Mich App 597, 601; 705 NW2d 703 (2005), quoting *Quinto v Cross & Peters Co,* 451 Mich 358, 362; 547 NW2d 314 (1996). A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt,* LLP, 481 Mich 419, 426; 751 NW2d 8 (2008).

Defendants' first argument on appeal is that the mortgage agreement had a limited definition of the term "default," which did not include delinquent payments. Defendants maintain that absent a default under the mortgage agreement, plaintiff could not foreclose by advertisement. We disagree.

MCL 600.3201 provides, "Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement. . . ." Black's Law Dictionary (8th ed) defines default as "The omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." See *Citizens Ins Co v Pro-Seal Service Group, Inc,* 477 Mich 75, 84; 730 NW2d 682 (2007), quoting *Greene v AP Products, Ltd,* 475 Mich 502, 510; 717 NW2d 855 (2006) ("'When considering a word or phrase that has not been given prior legal meaning, resort to a lay dictionary such as Webster's is appropriate.'").

The mortgage agreement provided:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender and Lender's successors and assigns, with power of sale, the [property].

Next, the mortgage agreement identified the parties' covenants:

UNIFORM COVENANTS: Borrower and Lender covenant and agree as follows:

> 1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges, Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.
>
> * * *
>
> 8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower . . . gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan . . . . [Emphasis in original.]

Defendants claim that Section 8 of the mortgage agreement limited the definition of term default to the provision of, or failure to provide, certain information in the loan application. However, courts must give "effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc,* 468 Mich 459, 463; 663 NW2d 447 (2003). Defendants' interpretation would render the other covenants in the mortgage agreement, including the covenant to make payments when due in Section

1, surplusage. Because there is no factual dispute that defendants' payments were delinquent and the mortgage agreement contained a power of sale, defendants' argument that plaintiff could not foreclose by advertisement pursuant to MCL 600.3201 when they failed to perform a legal condition of the mortgage fails.[2] The trial court did not err when it dismissed defendants' breach of contract claim.

Defendants' second argument on appeal is that the notices of adjournment of the foreclosure proceedings were not in strict compliance with MCL 600.3220 and lack of notice voided the subsequent foreclosure sale. We disagree.

MCL 600.3220 provides:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

Viewing the evidence in a light most favorable to defendants, there is no genuine issue of material fact that the sheriff's sale was adjourned from week to week until March 21, 2007. A genuine issue of material fact may exist regarding whether the weekly adjournment notices were actually posted by a sheriff's deputy at the place where the sheriff's sale was scheduled to occur or published in the newspaper in which the original notice was published. See *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 502; 739 NW2d 656 (2007), quoting *Worthy v World Wide Financial Services, Inc*, 347 F. Supp. 2d 502, 510-511 (ED Mich, 2004) ("'a party who publishes an initial notice of adjournment may continue to adjourn a foreclosure sale from week to week without having to republish a notice of adjournment every week.'"). Although plaintiff's representative stated that she sent these weekly notices to the court officer charged with handling sales, some of the notices are not signed by a deputy to affirm that they were posted at the Coleman A. Young Municipal Center.

Even if a defect in the weekly adjournment notices existed, however, such a defect only "'renders a foreclosure sale voidable,' not void." *Sweet Air Investment, Inc, supra* at 275 Mich App 502, quoting *Jackson Investment Corp v Pittsfield Products, Inc*, 162 Mich App 750, 755; 413 NW2d 99 (1987). In *Sweet Air*, the borrowers could not show prejudice from their allegations that the notice of adjournment was defective because they did not challenge the foreclosure sale timely, they did not attempt redemption, and they waited until the plaintiff initiated an eviction action to challenge the foreclosure proceedings. Likewise, in this case, there is no evidence that defendants challenged the sheriff's sale or attempted to redeem the property during the six-month redemption period. In addition, defendants waited to challenge the notices of adjournment until plaintiff initiated the eviction action. Because defendants cannot show that they were prejudiced by the alleged defects in the notices of adjournment, defendants' argument that the lack of notice voided the subsequent foreclosure sale fails. The trial court did not err when it dismissed defendants' action to clear title to the property.

Defendants' third argument on appeal is that plaintiff used unfair, unconscionable, or deceptive methods, acts, or practices and violated the Michigan Consumer Protection Act (MCPA).[3] We disagree.

Defendants claim that the provision in the forbearance agreements, which provided that the suspended foreclosure proceedings "may proceed unabated without further notice" if defendants defaulted on the forbearance agreements, violated MCL 445.903(1)(n) and (1)(t). We disagree. MCL 445.903 provides, in relevant part:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

> * * *

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

(n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

* * *

(t) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

With respect to MCL 445.903(1)(n), there is no genuine issue of material fact regarding whether the forbearance agreements caused a probability of misunderstanding as to defendants' legal rights, obligations, or remedies. The record shows that defendants knew that foreclosure proceedings had been initiated as a result of their delinquent payments. The forbearance agreements clearly stated that the foreclosure proceedings would not be "waived" or "terminated," and would only be "suspended so long as there is no default" under the agreements. Plaintiff's letters following each of defendants' defaults on the forbearance agreements further solidified that the foreclosure proceedings were continuing. Accordingly, there was no violation of MCL 445.903(1)(n).

With respect to MCL 445.903(1)(t), defendants allege that the provision that foreclosure proceedings "may proceed unabated without further notice" waived their statutory right to notice of foreclosure. MCL 600.3208 sets forth the following notice requirements for foreclosure of a mortgage by advertisement:

Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

MCL 600.3212 also requires that the notice include:

(a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

(b) The date of the mortgage and the date the mortgage was recorded.

(c) The amount claimed to be due on the mortgage on the date of the notice.

(d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.

(e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

On appeal, defendants do not claim that plaintiff failed to satisfy these statutory publication and posting requirements prior to the scheduled November 29, 2006 sheriff's sale. MCL 600.3208 and MCL 600.3212. Instead, defendants claim that they were entitled additional statutory notice following their defaults on the forbearance agreements and the continuation of the foreclosure proceedings. Consequently, defendants claim that plaintiff's forbearance agreements were unfair, unconscionable, or deceptive because they forced defendants to waive that statutory notice. However, defendants provide no authority to support their assertion that additional statutory notice was required where MCL 600.3208 and MCL 600.3212 were satisfied and plaintiff continued foreclosure proceedings after temporarily refraining from enforcing their power of sale pursuant to the forbearance agreements. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Therefore, defendants' claim regarding MCL 445.903(1)(t) is abandoned. Even if we were to address the issue, it is clear that plaintiff did not require defendants to waive a right provided by law. MCL 600.3208 and MCL 600.3212 provide for four

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

weeks of notice by publication in a local newspaper and notice posted on the premises. Moreover, as we addressed above, MCL 600.3220 provides for notices of adjournment. The Act, however, does not provide for further notice of continued foreclosure proceedings following an adjournment. Thus, the clause in the forbearance agreements allowing plaintiff to proceed with foreclosure proceedings without further notice after default did not violate MCL 445.903(1)(t).

Defendants last claim that plaintiff violated MCL 445.903(1)(u) because plaintiff denied forbearance but failed to return the $12,000 that defendants paid for forbearance. MCL 445.903(1)(u) provides that an unfair, unconscionable, or deceptive method, act, or practice of trade or commerce includes:

> (u) Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons *entitled* to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest. [Emphasis added.]

Plaintiff denied forbearance following defendants' defaults on the forbearance agreements. However, there is no genuine issue of material fact regarding whether defendants were entitled to have the $12,000 returned. According to the terms of the first forbearance agreement, the $4,000 payment was "non-refundable." Likewise, according to the second forbearance agreement, the $8,000 payment was also "non-refundable." Hence, there was no violation of MCL 445.903(1)(u) and the trial court did not err when it dismissed defendants' MCPA claims.

Affirmed.

Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

[1] Black's Law Dictionary (8th ed) defines "forbearance" as "The act of refraining from enforcing a right, obligation, or debt."

[2] Defendants also argue that plaintiff failed to suspend the foreclosure proceedings according to the forbearance agreements. Defendants' claim is inconsistent with the facts in the record. The forbearance agreements provided:

The Borrower(s) consents and agrees that in making this Agreement the pending foreclosure action shall not be waived or terminated. The foreclosure action shall, however, be suspended so long as there is no default under this Agreement. Should the Borrower(s) default under this Agreement, or breach any other provision or term of the Note and Deed of Trust/Mortgage, the foreclosure action may proceed unabated . . . .

The record shows that the sheriff's sale was scheduled for November 29, 2006, but was suspended following the first forbearance agreement. Plaintiff's representative sent weekly notices adjourning the sheriff's sale from November 29, 2006 to March 21, 2007. Plaintiff only proceeded with the sheriff's sale on March 21, 2007, after defendants defaulted under both forbearance agreements.

[3] In defense to defendants' MCPA claims below, plaintiff argued that it was exempt from the MCPA. However, plaintiff does not make this argument on appeal and we decline to address the issue.

Save trees - read court opinions online on Google Scholar.

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27

# PROPOSED

### STATE OF MICHIGAN
### OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

        2014-139238-CK
        **JUDGE MCMILLEN**

      Plaintiffs,

        DEMAND FOR JURY TRIAL

  -vs-

        Case No. 2014-   -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

      Defendants.

### TEMPORARY RESTRAINING ORDER

At a session of said Court held in the Courthouse in the City of Pontiac, Oakland County and State of Michigan on the 3ʳᵈ day of March, 2014.

**Present:   Hon.** _____, **Circuit Court Judge.**

**THIS MATTER** having come before the Court on the Plaintiffs' Emergency Ex-Parte Motion for Temporary Restraining Order, and the Court being fully advised in the matter;

**IT IS HEREBY ORDERED** that the sheriff's sale of Plaintiffs, home at 311 N. Berkshire, Bloomfield, MI 48302 scheduled for March 4, 2014 is hereby temporarily enjoined until the parties can be heard or until further Order of the Court.

IT IS FURTHER ORDERED that the Plaintiffs shall serve this Motion and Order upon Defendants or their foreclosure counsel by March 3, 2014 and that the case is set for a Show Cause Hearing on_____.

_____
Circuit Court Judge

Received for Filing Oakland County Clerk 2014 MAR 03 AM 11:27



STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

KAMEL KASSEM and
JEHAN KASSEM,

                                                  2014-139238-CK
                                                 JUDGE MCMILLEN

        Plaintiffs,

                                          DEMAND FOR JURY TRIAL

-vs-

                                          Case No. 2014-   -CK

OCWEN LOAN SERVICING, LLC, and
BANK OF AMERICA, NA,

        Defendants.

## TEMPORARY RESTRAINING ORDER

At a session of said Court held in the Courthouse in the City of Pontiac,
Oakland County and State of Michigan on the 3rd day of March, 2014.

Present:  Hon. _____ PHYLLIS C MCMILLEN _____, Circuit Court Judge.

**THIS MATTER** having come before the Court on the Plaintiffs' Emergency Ex-Parte
Motion for Temporary Restraining Order, and the Court being fully advised in the matter;

**IT IS HEREBY ORDERED** that the sheriff's sale of Plaintiffs, home at 311 N. Berkshire,
Bloomfield, MI 48302 scheduled for March 4, 2014 is hereby temporarily enjoined until the parties
can be heard or until further Order of the Court.

IT IS FURTHER ORDERED that the Plaintiffs shall serve this Motion and Order upon
Defendants or their foreclosure counsel by March 3, 2014 and that the case is set for a Show
Cause Hearing on__ March 19th, 2014 @ 11:00 am.__ .

The moving party needs to notice the motion for hearing.

                                  /s/ Phyllis C. McMillen
                                Circuit Court Judge           WW

Received for Filing Oakland County Clerk 2014 MAR 03 PM 04:20