UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMEL KASSEM,
JEHAN KASSEM,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
BANK OF AMERICA, N.A.,

    Defendants.

Case No. 2:14-cv-11143-LJM-RSW
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND [23] AND DENYING WITHOUT PREJUDICE OCWEN'S MOTION TO DISMISS [8]**

Plaintiffs Kemel and Jehan Kassem allege that Defendants Ocwen Loan Servicing, LLC and Bank of America, N.A. engaged in a number of illegal acts when foreclosing a mortgage on their home. Two motions are pending before the Court: Ocwen's motion to dismiss (Dkt. 8) and the Kassems' motion to amend (Dkt. 23). For the reasons set forth below, the Court GRANTS the Kassems' motion to amend and DENIES WITHOUT PREJUDICE Ocwen's motion to dismiss.

The Kassems have correctly sought leave to amend as they are beyond the time to amend as of right. *See* Fed. R. Civ. P. 15(a)(2); *cf.* Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) instructs that this Court "should freely give leave when justice so requires." The determination of when "justice so requires" is "left to the sound discretion of the trial judge," and a number of factors inform this Court's discretion: (1) the moving party's "[u]ndue delay in filing [its motion for leave]," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the

opposing party," and (6) "futility of amendment." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). "Delay by itself," however, "is not sufficient reason to deny a motion to amend," and "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.*

Stressing the first and third factors, Ocwen argues that the Kassems' motion "should be denied because of Plaintiffs' undue delay and because the motion is offered solely for dilatory purposes." (Dkt. 16, Ocwen's Resp. to Pls.' Mot. to Amend at 16.) Ocwen claims that Plaintiffs filed their motion so that they can remain in their home "free of charge." (*Id.* at 17.) The Court acknowledges this possibility. The Court also agrees with Ocwen that the Kassems would have done well to have filed their motion to amend before responding to Ocwen's motion to dismiss. (*See id.* at 16–17.)

Still, this case is not far along, which favors granting the Kassems' leave to amend. The Kassems' complaint was removed to this Court about five months ago, on March 18, 2014. (Dkt. 1.) About four months ago, on April 8, 2014, Ocwen moved to dismiss the Kassems' complaint for failure to state a claim. (Dkt. 8, Ocwen's Mot. to Dismiss.) The parties' briefing on this motion was completed just three months ago, on May 30, 2014. (*See* Dkt. 22.) Defendant Bank of America answered the Kassems' complaint around this time. (Dkt. 21.) No scheduling order has been issued in this case. And the parties have not engaged in any discovery. (*See* Dkt. 23, Pls.' Mot. to Amend at 2.) Accordingly, the Court concludes that the "undue delay" and "bad faith" factors do not warrant denying the Kassems' motion.

Ocwen's primary argument in opposition to the Kassems' motion is that the claims of the proposed amended complaint are futile. (*See* Dkt. 24, Ocwen's Resp. to Mot. to Amend at 4–16.) Ocwen's response brief attacking the merits of the Kassems' lengthy proposed amended

complaint is seventeen pages. (*See generally* Ocwen's Resp. to Mot. to Amend.) Although the Kassems have not filed a reply, the Court would prefer more than a short reply brief contemplated by the Local Rules. In other words, Ocwen's briefing indicates that the viability of Plaintiffs' amended complaint is better resolved through proper dispositive motion practice.

Accordingly, the Court GRANTS the Kassems' Motion for Leave to Amend (Dkt. 23). Plaintiffs have five days from the entry of this order to docket and serve the proposed amended complaint attached to their motion. Because the Court has granted the Kassems the right to file an amended complaint, that complaint will supersede the existing complaint. *See, e.g.*, *Mercer v. Csiky*, No. 08-11443-BC, 2010 WL 2671329, at *2 (E.D. Mich. June 30, 2010) (citing cases for the proposition that an amended complaint supersedes prior complaints). As Ocwen's pending motion seeks to dismiss the existing complaint, that motion will become moot once the Kassems file their amended complaint. The Court thus DENIES WITHOUT PREJUDICE Ocwen's motion to dismiss (Dkt. 8). After the Kassems have filed and served their amended complaint, Ocwen is granted leave to recast the arguments filed in response to the Kassems' motion to amend (*see* Dkt. 24) in the form of a motion to dismiss. And Ocwen may supplement those arguments as it deems appropriate.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 21, 2014.

                                            s/Jane Johnson
                                            Case Manager to
                                            Honorable Laurie J. Michelson