UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMEL KASSEM and
JEHAN KASSEM,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC and
BANK OF AMERICA, N.A.,

    Defendants.

Case No. 14-11143
Honorable Laurie J. Michelson

**OPINION AND ORDER
GRANTING OCWEN'S MOTION FOR SUMMARY JUDGMENT [53] AND
DENYING PLAINTIFFS' EMERGENCY MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL AND TO STAY PENDING APPEAL [63]**

About eight years ago, Kamel and Jehan Kassem missed a payment on their $1.12 million home loan. They have not made one since. In 2008, and again in 2011, foreclosure proceedings were commenced but not consummated. In October 2012, Ocwen Loan Servicing, LLC, began to service the Kassems' home loan. In December 2012, Ocwen offered the Kassems a loan modification that would have reduced their debt by $940,000. It appears that the Kassems refused this offer, instead choosing to question the account balance and the ownership of the debt. In March 2014, Ocwen sent the Kassems a letter informing them that a foreclosure sale had been scheduled. That prompted the Kassems to file this suit. Their 205-paragraph amended complaint asserts that Ocwen and Bank of America, N.A. are liable in 14 different ways. In a prior opinion and order, the Court granted in part Defendants' pleading-based motions, dismissing all but one count against Ocwen and all but two against Bank of America. Since then, the Kassems have dismissed the two remaining counts against Bank of America and Ocwen has

moved for summary judgment on the remaining claim against it. The Court has reviewed Ocwen's motion and the Kassems' response and finds that oral argument is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will grant Ocwen summary judgment.

The Kassems' remaining claim is based on a letter they sent to Ocwen in October 2013 and the responses Ocwen provided in November 2013. On October 28, 2013, the Kassems wrote to Ocwen:

> Dear Sir/Madam:
>
> Please treat this letter as a "qualified written request" under Section 6 of the Real Estate Settlement Procedures Act (RESPA).
>
> I am writing because I believe there are numerous errors relating to my account, and I am seeking information relating to the servicing of my loan. I have pointed out many of these errors in [a] prior letter. However, these errors and issues were not reconciled by you, and/or you never responded. . . .
>
> I have the following specific questions/issues regarding the servicing of my account:
>
> 1. Ocwen has charged me excessive fees/misc. appraisal, inspection and attorney. Please explain why I was charged these fees, and how much was charged. . . .

(Dkt. 53, Ocwen's Mot. Summ. J. Ex. I at Pg ID 1985–86.)

In its November 2013 response, Ocwen provided the Kassems with the following information:

| Description | Amount |
| --- | --- |
| Late Charge Due | 1,188.76 |
| Property Inspection Fee | 136.50 |
| Delivery/Mail Cost | 19.24 |
| *Other Inspection* | *255.00* |
| *Posting* | *105.00* |
| *Postpone/ReSet Sale* | *230.40* |
| Publication | 622.20 |
| Title Reports | 853.00 |
| Trustee Fees | 1,330.00 |

(Ocwen's Mot. Ex. L at Pg ID 1996 (emphasis added).) Ocwen also included a summary chart providing the specific dates on which the Kassems incurred late charges and property inspection fees. (Ocwen's Mot. Ex. K.) And Ocwen provided some explanation for those fees. (Ocwen's Mot. Ex. J.)

But, as this Court stated in its prior opinion in this case, "Ocwen provided no explanation for why the Kassems were charged 'Other Inspection,' 'Posting,' and 'Postpone/ReSet Sale' fees." *Kassem*, 2015 WL 5559906, at *8. And the Real Estate Settlement Procedures Act provides that "if applicable," Ocwen had to provide "a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer." 12 U.S.C. § 2605(e)(2)(B). Ocwen's failure to explain the inspection, posting, and reset fees, coupled with its limited briefing on that precise issue, led the Court to conclude that Ocwen had not shown that it was implausible that it violated § 2605(e)(2)(B). *Kassem*, 2015 WL 5559906, at *9.

Ocwen now says that summary judgment on this claim is warranted because its response to the Kassems' letter satisfied § 2605(e)(2)(B) and, even if it did not, the Kassems have no evidence that they were damaged by the RESPA violation. The Court agrees with the latter assertion and so it does not address the first.

Multiple courts have held—and the Kassems cite nothing to the contrary—that damages are an element of a RESPA claim. *Frazile v. EMC Mortgage Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010); *Eichholz v. Wells Fargo Bank, NA*, No. 10-CV-13622, 2011 WL 5375375, at *5 (E.D. Mich. Nov. 7, 2011) (citing cases); *Wyler v. Bank of Am.*, No. 1:11-CV-132, 2011 WL 5361077, at *4 (W.D. Mich. Nov. 7, 2011) ("Even assuming Plaintiff sent Qualified Written Requests to [Bank of America], and also assuming BOA's responses were somehow inadequate,

3

Plaintiff's RESPA claim still fails because he has not alleged any actual damages as a result of such violations.").

And Ocwen argues that, during their depositions, the Kassems identified no damages from Ocwen's alleged failure to adequately explain the "Other Inspection," "Posting," and "Postpone/ReSet Sale" fees. In particular, Ocwen points to the following from Kamel Kassem's deposition:

> [OCWEN'S COUNSEL:] So let's say you did not understand other inspection, posting, and postpone/reset sale. Okay? Were you harmed by not understanding those three line items?
>
> [KASSEMS' COUNSEL:] Objection to the form of the question. But you can answer.
>
> [KAMEL KASSEM]: $300 are not going to harm me. . . .
>
> Q. . . . So you were not caused any emotional damages by these three line items?
>
> A. Which—please—
>
> Q. Other inspection, posting, postpone/reset sale.
>
> A. Total $300 or $400 doesn't cause emotional stress.

(Ocwen's Mot. at 5–6 & Ex. C at Pg ID 1949, 1951.) As for Jehan Kassem, Ocwen points to the following testimony,

> Q. . . . Are you telling me that you can't articulate any way that you were harmed that is specifically caused by just these three numbers? Is that what you're saying? There's no way you can say I was harmed because of these three numbers?
>
> A. Correct. You cannot take them out of the context and say oh, these particular ones, did that bother you, because actually it will make me look funny. . . .
>
> Q. . . . Is it your testimony that you cannot identify any part of your emotional or noneconomic damages that were specifically caused by this letter?
>
> A. This is very articulate. But instead of any part, which part?
>
> Q. Okay. Can you identify which part?

> A. I can't.

(Ocwen's Mot. at 6 & Ex. D at 1969–70.)

Although the Court has some concerns about the completeness of the testimony that Ocwen cites (and that Ocwen's production of deposition excerpts does not comply with this Court's case-management order (Dkt. 48 at Pg ID 1861 ¶ 6.c.)), Ocwen's burden on summary judgment is not to affirmatively show that the Kassems were not damaged by its alleged failure to explain the "Other Inspection," "Posting," and "Postpone/ReSet Sale" fees. Instead, because the Kassems have the burden at trial to show that they were damaged, Ocwen needs only "point[] out to the district court that there is an absence of evidence to support the [Kassems'] case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Ocwen's claim that the Kassems conceded at their depositions that they were not damaged suffices to "point out" that the Kassems lack evidence of damages stemming from the charges having gone unexplained.

This means that the Kassems "must come forward with specific facts showing that there is a genuine issue for trial," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

> In response to Ocwen's motion, the Kassems argue in relevant part:
>
> Ocwen wants this Court to determine that when [Kamel Kassem] testified: "$300 are not going to harm me", that means that these charges are legal, and that Plaintiff has no actual damages.
>
> In fact, Mr. Kassem already specifically stated in the October 28, 2013 [qualified written request], that "Ocwen has charged me excessive fees. . . please explain why I was charged these fees and how much I was charged". Ocwen now argues that the statement: "$300 are not going to harm me" somehow wipes out the prior pleadings, invalidates Plaintiffs['] clear allegations, and means that there are no genuine issues of material fact regarding damages. This is not a persuasive or effective argument.

> Similarly, that Ms. Kassem could not determine "which part" of the letter caused her damages, it does not follow that she has no damages. Ms. Kassem did NOT testify that the letter and the excessive fees did not cause her damages.

(Pls.' Resp. at 11 (citation omitted).)

This response to Ocwen's motion does not demonstrate that there is a factual dispute warranting a jury's resolution. Even if "Ocwen ha[d] charged [the Kassems] excessive fees," this is not evidence that the Kassems were damaged by Ocwen's failure to *explain* those fees. And that is the basis of the Kassems' RESPA claim. As for allegations in "prior pleadings," this too does not help the Kassems carry their summary-judgment burden. *See Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment ("The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). Finally, pointing out what Jamel Kassem did not say, i.e., that she did not testify that she was *not* harmed, is not evidence that the Kassems were harmed. In short, the Kassems have failed to demonstrate that, on this record, a reasonable jury could find that the Kassems suffered damages from Ocwen's (assumed) non-compliance with 12 U.S.C. § 2605(e)(2)(B). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Before concluding, the Court briefly addresses the Kassems' emergency motion to certify this Court's prior order for interlocutory appeal and to toll the redemption period (or stay eviction proceedings) pending appeal. (Dkt. 63.) The request to certify, if timely, is now moot: this order resolves the remaining claim in this lawsuit and the Court will enter judgment accordingly.

As for the Kassems' concern that the time to buy back their home will soon expire, neither tolling the statutory redemption period nor enjoining Defendants from consummating eviction proceedings pending appeal is justified. For the reasons the Court concluded that the counts that could justify unwinding the foreclosure were implausible, *Kassem*, 2015 WL 5559906, at *4–7, 10, the Court does not believe that the Kassems are likely to succeed on those claims on appeal. Second, the equities are not in the Kassems' favor: they have resided in a million-dollar home for eight years without making any loan payments and the Court has concerns that the appeal is being pursued for the purpose of further delay as opposed to righting serious wrongs.

* * *

For the reasons given, Ocwen is entitled to summary judgment on the Kassems' remaining count, and the Court will not toll the statutory redemption period or enjoin Defendants from consummating eviction proceedings. As this order ends this case, a separate judgment will follow.

SO ORDERED.

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE

Dated: May 11, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 11, 2016.

                                      s/Jane Johnson
                                      Case Manager to
                                      Honorable Laurie J. Michelson